### J. M. WILSON v. S. J. GALBRAITH ET AL.

#### (No. 3421.)

ATTACHMENT.— Writ issued to county not named in petition may not be fatal if the allegations show property in that county subject to attachment.

PRINCIPAL AND AGENT.— Agent's deposit of principal's funds; application of such deposits made by depositee.

APPEAL from Fannin county. Opinion by DELANEY, J.

STATEMENT.— The original petition in this case was filed June 7, 1872, by appellant, against appellee, Galbraith, alleging that defendant, as plaintiff's agent, had sold for him a tract of one thousand one hundred and seven acres of land in Fannin county for about $6,000; that he had collected a large amount of money and appropriated it to his own use, except the sum of $400, gold, which had been received by plaintiff, and prays for a judgment against him for $2,174.81, the amount collected and used by defendant, and for $3,000 as exemplary damages.

On September 6, 1872, defendant answered by a general

demurrer and general denial. October 19, 1872, plaintiff amended, alleging that since the institution of this suit he had learned that defendant Galbraith had, for the purpose of hindering and defrauding petitioner, assigned to one John B. Abernathy a large number of claims which he held against other parties, and had, on the 1st day of April, 1871, conveyed to said Abernathy certain tracts of land lying in Denton and Ellis counties; that these conveyances, though ostensibly made for a valuable consideration, were in fact without consideration, and were made for the purpose of defrauding plaintiff, and that the equitable title is still in Galbraith; that there are numerous judgments against said Galbraith, rendered in Fannin county, rendered by courts of record in said county before the 1st day of April, 1872, which are a lien upon his lands in that county; and that his property in said county of Fannin is not sufficient to pay said debts.

Prayer for process against Abernathy; prayer also for attachment against Galbraith, to be directed to the sheriff of Fannin county, directing him to attach said lands and other property of Galbraith, etc. Bond and affidavit for attachment made in Guadalupe county (plaintiff being a citizen of that county), dated July 8, 1872, and filed same day as petition; same day attachments issue to Ellis and Denton counties, which are returned, levied on lands of Galbraith. October 6, 1873, attachments were, on motion of Galbraith, quashed, and plaintiff excepted. June 23, 1874, plaintiff again amended, making David Rhine, of Fannin, a party. September, 1874, Rhine answered general demurrer and general denial and the statute of limitations of two years. September 26, 1876, Galbraith put in a plea that he had filed his petition in bankruptcy in the United States bankruptcy court, and the attached lands were returned by him in his schedule of assets, but he had not yet been discharged. Trial was had by the court September 28, 1876; judgment rendered for plaintiff against Galbraith for $1,759.23, gold, with eight per cent. interest

and costs, but as against Rhine plaintiff takes nothing. Plaintiff appealed, assigning for error the quashing of the attachment and the judgment in favor of Rhine. The affidavit was made and bond executed on the 8th of July, and the attachment was not issued until the 19th of the following October.

OPINION.— The attachment being issued nearly fifteen months after the affidavit was made and bond given, we conclude there was no error in quashing the attachment.

The second assignment is that the court erred in rendering judgment in favor of Rhine.

Defendant Rhine pleads the statute of limitations. Plaintiff, to avoid the bar, alleges fraudulent concealment. The money was deposited with Rhine in 1871, and appropriated by him in December of that year. Suit was brought against Galbraith June 7, 1872. The amended petition making Rhine a party was filed June 23, 1874. We find in the record no evidence of fraudulent concealment on the part of Rhine. On the contrary, it appears from the evidence that plaintiff's counsel knew as much about Rhine's connection with the case when he filed his original petition as when he filed his last amendment making him a party.

Finding no error in the judgment, our opinion is that the judgment should be affirmed.

AFFIRMED.